The People of the State of Illinois, Plaintiff-Appellee,
v. Oliver Young, et al., Defendants. Oliver Young,
Defendant-Appellant.

Gen. No. 10,772.

Fourth District.

March 16, 1967.

C. Joseph Cavanagh, of Springfield, for appellant.

John E. Grosball, State's Attorney of Menard County, of Petersburg, for appellee.

TRAPP, J.

Upon waiver of jury and a bench trial, defendant was convicted of attempted murder and aggravated battery. In this appeal of the judgment and sentence, it is contended that defendant was denied a statutorily required hearing on restoration of competency under the provisions of chap 38, § 104–3(c) (Ill Rev Stats, 1965); that at the time of the trial, defendant had not been legally found competent so that he was deprived of due process of law; and finally, that defendant's guilt was not established beyond a reasonable doubt.

The relevant facts include the following:

Following indictment, appointed counsel, who also appears in this proceeding, filed a suggestion of incompetency to stand trial, hearing was had and the court entered an order finding that the defendant was incompetent within the language of chap 38, § 104–1 (Ill

Rev Stats, 1963), because of a mental condition and ordered that he be committed to the Department of Mental Health "during the continuance of such mental condition." Some three months later defendant appearing pro se filed his petition for writ of habeas corpus in the Circuit Court of Randolph County, praying his discharge from the Illinois Security Hospital at Menard, Illinois. In the return to the writ, the hospital authorities denied that the defendant had recovered and averred that he was still an incompetent person. The Circuit Court of Randolph County ordered the discharge of the petitioner, its order reciting trial and hearing of witnesses, and finding that defendant was cured of his incompetency. Upon his release defendant was returned to Menard County and trial upon the indictment was had.

The record discloses that a certified copy of the habeas corpus proceedings in Randolph County was supplied to defendant and his counsel, and further shows that counsel had examined such proceedings and suggested to the court that such hearing was had without notice to the State's Attorney of Menard County and without notice to defendant's attorney of record, and stated:

> ". . . that this order does not at least comply with the spirit of the statute in matters of restoration of competency to stand trial. . . ."

The court noted that no motions had been filed, or any pleading made upon the point, and expressed the feeling that he did not have the right to examine the validity of the habeas corpus proceedings.

■■ Habeas corpus is a proper remedy to procure release where there has been a recovery from insanity. Swager v. Gillham, 278 Ill 295, 116 NE 71. The present Mental Health Code, chap 91½, § 10–13, § 10–14 and § 10–15 (Ill Rev Stats 1965), expressly preserve habeas corpus as a means of relief. Such sections also expressly

481

provide that in habeas corpus proceedings the "need for mental treatment" shall be determined by the court issuing the writ. In the Code of Criminal Procedure of 1963, chap 38, the Committee Comments to § 104–3(c) note that proceedings to determine whether competency has been regained follows the procedure of the Mental Health Code. Such Committee Comments are a proper guide to legislative intent. People ex rel. Suddeth v. Rednour, 33 Ill2d 278, 211 NE2d 281. It appears, therefore, that the Legislature expressly retained habeas corpus as a procedure to establish recovery of mental competency in addition to the hearings provided in the Mental Health Code and the Code of Criminal Procedure of 1963.

■ The Circuit Court of Randolph County had jurisdiction of the person of the defendant and the subject matter of habeas corpus. The judgment of a court of competent jurisdiction is valid, and binding whether warranted by the testimony or erroneous. In Swager v. Gillham, 278 Ill 295, 116 NE 71, the Supreme Court held that a court which had ordered discharge of the defendant pursuant to a writ of habeas corpus cannot, thereafter, set aside such order after the expiration of the term. See also The People v. Righeimer, 306 Ill 308, 137 NE 858, asserting the validity of the order of discharge. Neither the Circuit Court of Menard County, nor this court has the jurisdiction to attack the proceedings in habeas corpus in Randolph County.

■ The order committing the defendant to the Department of Mental Health entered by the Circuit Court of Menard County was "during the continuance of the mental condition." It is argued that the discharge through habeas corpus was not a restoration of competency, but only a suggestion to the Circuit Court of Menard County that the defendant might not be competent to stand trial. We do not agree. Under the authority of The People v. Lewis, 2 Ill2d 328, 118 NE2d 259, any prima facie evidence of incompetency resulting from the order origi-

nally entered by the Circuit Court of Menard County was rebutted by the finding of the Circuit Court in Randolph County. When the defendant has been freed by a writ of habeas corpus, upon subsequent trial had, it is open to him to raise the question of his competence to stand trial at that time, and to request a hearing thereon. Pate v. Robinson, 383 US 375, 15 L Ed2d 815, p 823. The duty of the trial court in this proceeding was to impanel a jury to determine the competency of defendant upon suggestion of counsel, or upon observations of the defendant made by the court. The People v. Anderson, 31 Ill2d 262, 201 NE2d 394. The record shows no suggestion of incompetency under chap 38, § 104–2 made by counsel, and it is not here argued that the record discloses that the defendant was unable to understand the nature of the proceedings, or to assist counsel in preparing for defense of the charges. The record discloses no conduct of the defendant of the quality to suggest to the trial court that he was not competent to stand trial. No evidence concerning defendant's want of competency was offered so far as we have been able to discover. Upon the argument now made that there was never a proceeding determining that the defendant had regained his competency so that the cause should be remanded for proceedings under chap 38, § 104–3(c), it does not appear that such contention was ever raised in the trial court. The issue of the restoration of competency from a habeas corpus proceeding in Randolph County was not presented to the trial court and is not now properly raised on appeal. The People v. Heirens, 4 Ill2d 131, 122 NE2d 231; The People v. Swets, 24 Ill2d 418, 182 NE2d 150.

Defendant urges that People ex rel. Suddeth v. Rednour, 33 Ill2d 278, 211 NE2d 281, requires the reversal of the judgment in this case. There are, however, many differing factors. That determination arose upon direct appeal from the judgment of the lower court, and the

element of the validity of the judgment of a court of competent jurisdiction is not present. That case also differs upon the facts in that the trial court denied defendant's motion for a jury trial. It is therein noted that the provisions of the Code of Criminal Procedure of 1963, chap 38, § 104–3(c) are correlated with the Mental Health Code. Chap 91½, § 10–4 (Ill Rev Stats 1965) of that Code provides for a jury trial pursuant to the provisions of Art 8 of that Code. Section 6 of Art 8 expressly provides for jury trial upon "demand" by one whose competency is an issue. In Rednour the trial court denied the motion which was the equivalent of a statutory demand. We conclude that Rednour is not controlling under the circumstances of this case.

■ Upon the issue of the sufficiency of the evidence to convict, the trial court heard the testimony of the witnesses and observed their conduct and demeanor. His memorandum, filed in this case, discloses careful consideration of the arguments of counsel upon the issue of the sufficiency of the evidence in the light of the asserted contradictions in the testimony of the witnesses. He sets forth the reasons for his judgment. The details pointed out by defendant in his argument are not of such character or quality as to lead to a conclusion that the conviction is contrary to the manifest weights of the evidence.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.