THE PEOPLE *ex rel.* Cunningham

*v.*

NAPOLEON B. THISTLEWOOD *et al.*

*At Springfield, June Term, 1882.*

1. MANDAMUS—*as an original proceeding in this court—practice—not controlled by the statute.* The statute regulating the practice in *mandamus* cases (Rev. Stat. 1874, p. 691,) has no application to practice in the Supreme Court. It was designed to regulate the practice in the circuit courts, and not in this court. However, the practice in such cases in this court will be made to conform, as nearly as may be, to that as regulated by statute in the circuit courts.

2. SAME—*petition filed only upon leave—summons awarded only upon cause—when returnable.* The summons in *mandamus*, in an original proceeding in the Supreme Court, will not be awarded, as a matter of course, but only upon cause shown by petition,* and the petition can be filed only upon leave granted for that purpose.

3. If, upon examination of the petition, no cause is shown for awarding the summons, it will be denied,† as was the practice in this court before the passage of the statute. Where the petition shows sufficient cause, the summons will be ordered to be issued, as it would from the circuit court.‡

4. If the matter to be litigated concerns the public interest, the court has uniformly made the writ returnable to the term at which the application is made, but if it be of a mere private nature, the practice is to make the writ returnable to the succeeding term.

5. SAME—*also, of the time of service of the summons.* The summons should, in any case, be made returnable at a time not less than five days

---

* The writ of *mandamus* will not be awarded in the Supreme Court upon mere motion,—a petition must be presented showing the grounds of the application. *The People ex rel. v. Loomis,* 94 Ill. 587.

† This writ is not now, as formerly, a prerogative writ; it is nothing more, under our statute, than an ordinary action at law in cases where it is the appropriate remedy. Yet it is to be issued in the discretion of the court. *People ex rel. v. Weber,* 86 Ill. 285. Under the statute, the petition takes the place of the alternative writ, and defects in it are to be taken advantage of as they were when found in the alternative writ; and defects in substance can be taken advantage of at any time before the granting of the peremptory writ,—even after return made. *People ex rel. v. Davis,* 93 Ill. 133.

‡ Upon asking leave to file a petition for a writ of *mandamus* in this court, it is not necessary to couple with such application a motion that a summons or an alternative writ be awarded. Upon granting leave to file the petition, if, upon examination, it is found that sufficient cause is shown, the summons will be awarded without any special motion for that purpose. *Blatchford et al. v. Newberry et al.* 100 Ill. 484.

prior to the hearing, but there is nothing in the statute or in the practice that obtains, which requires there should be five days service before the matter can be heard in this court.

6. CONTINUANCE—*in mandamus—for want of service.* It is a sufficient ground for a continuance in a proceeding for *mandamus* in this court, where the action or conduct of several persons is sought to be affected or controlled by the writ, that some of the persons so to be affected have not been served with the summons.

This is an original proceeding in this court, for a writ of *mandamus.*

The petitioner, Justus R. Cunningham, alleges that at a general election held in and for the city of Cairo, he was elected to the office of city attorney of said city, and that the city council and the city clerk, together with the mayor of the city, refuse to execute their duties·in respect of such election to the end that the petitioner may be properly invested with his said office to which he was so elected. The petitioner therefore prays that the mayor and common council and the city clerk be compelled by *mandamus* to .perform their proper duties in the premises. Upon leave given, the petition was filed, and summons awarded, and duly issued, and served upon a portion of the defendants.

At the present term, Messrs. GREEN & GILBERT, in behalf of those defendants upon whom service had been made, moved the court for a continuance of the cause, upon two grounds:

*First*—Because the summons was not served upon these defendants, or any of them, in apt time for the same to be answered unto on the return day thereof.

*Second*—There has been no service of said process upon Napoleon B. Thistlewood, mayor, or Dennis J. Foley, city clerk, of the city of Cairo.

Counsel cited the statute concerning the "action of *mandamus,*" (Rev. Stat. 1874, p. 691,) and contended that where the summons is issued in term time, as in this case, it should be served at least five days before the return day in order to make it a sufficient service, and place the party in default

under section 2 of the act. This is urged in support of the first ground assigned for a continuance, there not having been service of process upon any of the defendants five days before the return day.

SCOTT, Ch. J. : It is insisted that the statute which regulates the practice concerning *mandamus*, and requires that a writ should be returnable in not less than five days, makes it also imperative that there should be service for that length of time. This court has had frequent occasion heretofore to decide that the statute regulating the practice in *mandamus* cases has no application to practice in this court. It was designed to regulate the practice in the circuit courts in such cases, and not in this court. We have therefore always required that, before a summons shall be issued, application shall be made to this court for leave to file the petition; and it is not issued as a matter of course, but upon cause shown. We have, however, said, and the practice has been, that we will make the practice in such cases in this court conform, as near as may be, to that as regulated by statute for the circuit courts, and we have, therefore, in every case where we have found the petition shows sufficient cause, ordered the summons to issue as it would from the circuit court; but, if we think, upon examination, no cause is shown for awarding the summons, it will be denied, as was the practice in this court before the passage of the statute. Where the matter to be litigated concerns public interest, we have uniformly made the writ returnable to the term at which the application is made. Where it is of a mere private nature, the practice is to make the writ returnable to the succeeding term. In this case we thought the matters set forth in the petition were of such public importance that the writ ought to be made returnable to the present term, and it was accordingly so done. There is, therefore, nothing in the statute or the practice that obtains that makes it imperative that there

should be five days service before the writ can be heard in this court, but it must be made returnable at a time not less than five days.

The other reason, however, assigned for a continuance, namely, that the parties have not all been served, is well taken. The parties to be affected, whose action is to be controlled, are not all before the court, and we are of opinion, until they are all before the court we have no jurisdiction to hear the case. It will, therefore, be continued for service upon the parties not served.

*Motion allowed.*