## C. HAWKINS ET AL.

### V.

## G. F. HARDING.

*Judgments—Satisfaction of Record—Rule to Show Cause—Bill of Exceptions—Mandamus to Compel Judge to Sign—Practice.*

1. It is proper to refuse to enter a rule to show cause why a judgment should not be satisfied of record, where the affidavits filed show only grounds existing before the entry thereof.

2. The filing of a petition for mandamus herein and the issuance of summons, to the end that a judge of the Superior Court should sign a bill of exceptions, is improper without first obtaining leave to file.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. D. BLACKMAN, for appellants.

Mr. WILLIAM J. AMMEN, for appellee.

MORAN, J. The only question presented by this appeal is the refusal of the court to enter a rule on appellees to show cause why a certain judgment should not be satisfied of record. We think the rule was properly refused. Such rule must be based on matters occurring subsequent to the judgment.

The affidavits filed in support of the rule show only grounds which were in existence long prior to the entry of the judgment. We find no cases in which the rule has been allowed on matters existing before judgment, and in the case cited by counsel the rule went on proof of satisfaction accepted after the judgment was entered. Lee v. Brown, 6 Johnson, 132.

The order denying the rule to show cause must be affirmed.

A petition for mandamus to compel the judge of the Superior Court to sign a bill of exceptions has been filed in this court entitled in this case, and a motion to quash the writ has been made and is submitted with the case on suggestions of counsel for the respective parties.

The petition was filed and summons issued without the leave of this court, on the theory that the statute regulating the practice in mandamus in the Circuit Courts was applicable to this court. This is a mistake. By Sec. 10 of the Appel-

late Court Act, it is provided that the process, practice and pleading in the Appellate Court shall be the same as that prescribed by the Supreme Court.

The practice in mandamus in the Supreme Court is shown in The People ex rel. Cunningham v. Thistlewood, 103 Ill. 139, where it is held that a petition to the court for leave to file before summons can be issued is necessary. The motion to quash the petition will therefore be granted.

*Order affirmed and mandamus quashed.*