## THE PEOPLE OF THE STATE OF ILLINOIS EX REL.
## v.
## WILLIAM KNODELL, COUNTY JUDGE.

*Mandamus—Jurisdiction of Appellate Court.*

Upon a proceeding for a mandamus to compel a county judge to sign and seal a bill of exceptions in a cause not pending herein, this court holds that it has no jurisdiction in an original action of mandamus; and that it can only issue a writ of this character where it will be in aid of its appellate jurisdiction. The petition should not . be filed nor appearance entered without leave of court.

[Opinion filed August 26, 1891.]

APPEAL from the County Court of Wayne County; the Hon. WILLIAM KNODELL, Judge, presiding.

Mr. H. TOMPKINS, for appellants.

Mr. J. R. CREIGTHON, for appellee.

*Per Curiam.* From the petition in this case it appears that a trial was had before the County Court of Wayne County, wherein James Gerry was plaintiff and H. Tompkins was defendant, on which a verdict and judgment was rendered for the plaintiff. It also appears from the petition that that cause is not before this court by either appeal or writ of error.

This is a proceeding for mandamus to compel the county judge of Wayne County to sign and seal a bill of exceptions in the case of Gerry v. Tompkins. That cause not now pending in this court for any purpose, on the authority of Hawes, Judge, v. The People, etc., 124 Ill. 560, it must be held that this court has no jurisdiction in an original action of mandamus. This court can only issue the writ of mandamus where it would be in aid of the appellate jurisdiction of this court.

The petition was filed and appearance entered without leave of court. That is not in accordance with the practice in the Appellate or Supreme Court. Hawkins et al. v. Harding, 35 Ill. App. 25; The People ex rel. Cunningham v. Thistlewood, 103 Ill. 139. The motion for mandamus must be denied.

· *Motion denied.*