THE PEOPLE ex rel. James O'Connor vs. JOSEPH F. HAAS,
County Clerk, et al.

*Announced orally April 6, 1909.*

1. MANDAMUS—*statute in regard to mandamus does not apply to Supreme Court.* The statute regarding *mandamus* has no application to the Supreme Court, and parties desiring leave to file a petition for *mandamus* in that court are required first to enter a motion for leave in open court, accompanying such motion with a copy of the petition, and supporting suggestions, if desired.

2. SAME—*application for leave to file petition is ex parte.* Up until the time an order has been made to allow the filing of a petition for *mandamus* the proceeding is purely *ex parte,* and the respondents named in the petition are not entitled to be heard until they are served by summons or until they voluntarily appear after the petition has been filed by leave.

3. SAME—*filing a petition in vacation without leave is unauthorized.* The filing of a petition for *mandamus* and the issuing by the clerk of a summons thereon without leave having first been obtained from the court in the regular way are without authority of law and have no force or effect whatever, even though the subject matter of the petition may be deemed of pressing importance and speedy action may be desired.

ORIGINAL petition for *mandamus.*

SHURTLEFF & HEIZER, for relator.

*Statement by Henry P. Heizer, counsel for relator—*I wish to make a motion that the court ratify the action of relator in presenting in vacation his petition for *mandamus,* and the action of the clerk in filing the petition and in issuing summons thereon. In explanation I will state that the matter is one of general public interest, affecting the candidacy of republican candidates for judge of the circuit court in the judicial circuit of this State embracing the county of Cook. There are twenty-six persons who have filed petitions for nomination as republican candidates for circuit judge in Cook county in the office of the Secretary of State. All these, except three, have also filed petitions in the office

of the county clerk of Cook county. Three of the candidates, one of them the relator, filed no petition in the office of the county clerk. The county clerk now threatens to prepare a primary ballot according to the filing in his office and to leave off the name of the relator. The petition prays that the county clerk may be ordered by this court to place the name of the relator upon the primary ballot in the same order in which he filed with the Secretary of State and in accordance with the certificate of the Secretary of State to the county clerk.

The primary election is on the 13th of April. The law requires that sample ballots must be posted five days before the election, which would be on the 8th of April. This court was not in session and did not meet until to-day, which is the 6th day of April. There appears to be no authority for a single judge of the court to grant leave to file a petition of this kind in vacation. Such leave was asked of one of the judges, and the leave was not granted. To have waited until the meeting of the court in order to get leave to file the petition would have made it impossible to secure service on the respondent in time to get any relief before the time the sample ballot must, under the law, be posted by the clerk. The petition has been filed, summons issued and served, and all the parties are now before the court. My motion is that the action of relator and the clerk be ratified.

HARRY A. LEWIS, WILLIAM F. STRUCKMANN, and MANN & MILLER, for respondents.

Mr. JUSTICE HAND announced the opinion of the court:

I will state at this time, for the information of counsel interested in this matter, that it has been the uniform practice of this court for many years, extending back long prior to the *Thistlewood case,* 103 Ill. 139, that the statute in regard to *mandamus* has no application to this court, and it

was so held in that case. The uniform practice of this court has been, that where parties desire leave to file a petition for a writ of *mandamus* they should make a motion in court, accompanied by a copy of their petition,—and that is purely an *ex parte* proceeding. The court will then examine the motion and examine the petition, and if the court is of the opinion that there is a showing of such a character that the petition should be allowed to be filed, an order will be entered permitting the petition to be filed and summons will then be ordered to be served upon the other party. If it is a matter of pressing importance the court may make the summons returnable within five days, returnable at the term, if public interests are involved. If, however, no public interests are involved it is usual to make the summons returnable the first day of the next term. There is no practice and there is no law which authorizes the clerk to file a petition for *mandamus* without leave of court or to issue a summons, so that the filing of this petition and the issuing of this summons is without authority of law, and if you desire to bring this matter before the court you should do it by making a motion for leave to file a petition and accompany it by the petition.

I understand that you deem this matter of great pressing importance and that speedy action should be had. That may be true; but the filing of this petition and issuing of this summons has no force or effect whatever, up to the present time. If we permit petitions of this kind to be filed in vacation and summons to issue, anybody could come in and file a petition and get a summons and bring the people here without any foundation for a suit of that kind at all. The uniform practice is, that before the petition is filed leave must be granted. Applications have been made heretofore,—in one instance, at least, to one chief justice,—for leave to file in vacation and for a summons, and it was denied.

If you desire to do anything in this matter the case will have to take its usual course,—that is, by making your motion accompanied by your petition. That motion will be disposed of, and if the petition is allowed to be filed the summons will be ordered. You may prepare a written motion to that effect, and in support of that you can file such suggestions as you may deem necessary to sustain your contention. Until there is an order made, however, to allow you to file the petition, it is purely *ex parte* and the other side are not entitled to be heard. The respondents are not in court until they are served by summons or until they voluntarily appear and enter their appearance, and summons cannot issue or appearance be filed until after leave has been granted to file the petition.            *Motion denied.*