(No. 24958.— )
THE PEOPLE *ex rel.* William Blome *et al.* Petitioners, *vs.*
S. L. NUDELMAN, Director of Finance, *et al.* Defendants.

*Opinion filed February 20, 1939.*

BENJ. F. J. ODELL, for petitioners.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, of counsel,) for defendants.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an original petition for *mandamus* filed on leave of this court by forty-seven petitioners against defendants, as Director of Finance, Auditor of Public Accounts and State Treasurer, to compel the issuance of credits, or cash refunds, of various amounts of occupation taxes erroneously paid by the petitioners and erroneously collected by the Department of Finance. Petitioners are contractors and their claim to refunds is based on decisions of this court holding that construction contractors are not liable for the tax. (*Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600; *People* v. *Nudelman,* 370 id. 237.) In the former of these cases it was held that in the performance of their contracts,

contractors engaged in the general building or construction business are not liable for this tax. In the latter case, where most of the questions here raised were considered, it was held that the department is required to make refunds of cash or credit, where such taxes had been paid through mistake of law or fact, and that where the contractors were not liable for the tax and a credit on future taxes of the amounts paid would be of no avail to them, the department is required to make such refunds in cash. Most of these petitioners come within the same classification as those considered in *People* v. *Nudelman, supra,* in that a credit refund will be of no avail to them.

Defendants argue, however, that an action for recovery of a tax is controlled by equitable principles, and the court will not enforce a statute providing for refund of a tax though the taxpayer has a clear right thereto, if such taxpayer is not, in justice and good dealing, entitled to recover. They say that to permit petitioners to recover would result in their unjust enrichment either at the expense of the State, which is entitled to the tax, or at the expense of the materialmen who, in selling materials to the petitioners, had been led to believe that they would not be required to pay a tax with respect thereto, and they cite *United States* v. *Helvering,* 301 U. S. 540, 81 L. ed. 1272, and *Stone* v. *White,* 301 id. 532, 81 L. ed. 1265. In the *Helvering case* the question presented and decided was whether *mandamus* was a proper remedy to compel the Commissioner of Internal Revenue to refund taxes paid by a testamentary trustee on income of the trust, when the amount refunded would inure to the benefit of the *cestui que trust* who should have paid the tax. *Mandamus* was denied on the ground that the decision of the board of appeals to the effect that the trustee had erroneously paid the tax which the *cestui que trust* should have paid, while *res judicata* as to overpayment, was not binding on the commissioner as to the amount of the refund until the commissioner had secured

a final adjudication of the government's right to retain the tax, and that, since the recovery by the trustee would inure to the benefit of his *cestui,* who should have paid the tax, the case did not present the clear right to the writ of *mandamus. Stone* v. *White, supra,* was not a *mandamus* suit but was a suit by a trustee for a refund of taxes paid which his *cestui* should have paid. The same result was there reached.

In this case it does not necessarily follow, because these petitioners are allowed to recover, that the materialmen either would benefit thereby or were liable for the tax. Nor is any privity shown to exist between the petitioners and such materialmen, as in the case of a trustee and his *cestui.* While the rule in this State is that a writ of *mandamus* is not a writ of right, (*People* v. *Cohen,* 355 Ill. 499; *Hooper* v. *Rooney,* 293 id. 370;) the court's discretion will not be exercised arbitrarily, and where the court is of the opinion that a clear right to such relief is shown, the applicant is entitled to its issuance. (*Dorris* v. *Johnson,* 363 Ill. 236; *People* v. *City of Chicago,* 360 id. 25; *Illinois Central Railroad Co.* v. *People,* 143 id. 434.) The statute requiring this refund is explicit. Petitioners are entitled to the refund. (*People* v. *Orrington Co.* 360 Ill. 289.) Such as come within the case of *People* v. *Nudelman, supra,* are entitled to a cash refund, and the balance of the petitioners, if such there be, are entitled to credit memoranda as against future taxes. It does not appear that the fund appropriated by the legislature does not have in it sufficient to meet these claims.

The writ is awarded and the Director of Finance is directed to issue cash refunds, or credit memoranda, in accordance with the views herein expressed.

*Writ awarded.*