(No. 48168.—

JAMES A. DOOLEY, Plaintiff, v. HELEN F. McGILLI-CUDY, Judge, *et al.,* Defendants.

*Announced January 19, 1976.—Opinion filed March 18, 1976.*

Sidney Z. Karasik, of Chicago, for plaintiff.

Bernard Carey, State's Attorney, of Chicago, for defendants Helen F. McGillicuddy *et al.*

Andrew M. Raucci, of Chicago, for defendant Michael J. Cunningham.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

We granted leave to plaintiff, James A. Dooley, to file an original action for writ of *mandamus*. (Ill. Rev. Stat. 1973, ch. 110A, par. 381.) After oral argument of this cause on January 19, 1976, we "ordered that a writ of *mandamus* issue to the County Officers Electoral Board of Cook County commanding the members of that board [defendants herein] to expunge their order sustaining objections to the nominating papers of James A. Dooley for the office of judge of the Supreme Court; to enter an order denying said objections; and to transmit to the State Board of Elections a certified copy of its ruling in the manner provided by section 10—10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 10—10). An opinion stating the reasons for this order will be filed." We now express those reasons.

Plaintiff filed his nominating petitions on December 15, 1975. Five days later Michael J. Cunningham, a citizen

and legal voter in the First Judicial District, filed objections thereto. On January 7, 1976, a majority of the County Electoral Board orally sustained the objections and on January 13 issued its written majority decision striking plaintiff's name from the ballot because his "[n]omination petitions fail to contain a statement that the persons signing are qualified primary electors of, members of, or affiliated with the Democratic Party, and [certain pages] do not contain a sworn statement by the [petition] circulators that persons signing the sheets were qualified voters of the Democratic Party" and are therefore in violation of section 7–10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7–10). This statutory provision reads in pertinent part:

"The name of no candidate for nomination, or State central committeeman, or township committeeman, or precinct committeeman, or ward committeeman or candidate for delegate or alternate delegate to national nominating conventions, shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in substantially the following form:

We, the undersigned, members of and affiliated with the . . . . party and qualified primary electors of the . . . . party, in the . . . . of . . . . in the county of . . . . and State of Illinois, do hereby petition that the following named person or persons shall be a candidate or candidates of the . . . . . party for the nomination for (or in case of committeemen for election to) the office or offices hereinafter specified, to be voted for at the primary election to be held on the . . . day of . . . A.D. . . . .

\* \* \*

Name . . . . . . . . . . . . . . . .Address . . . . . . . . . . . . .
State of Illinois          )
                          )  ss.
County of . . . . . . . . .)

I, . . . . ., do hereby certify that I am upwards of the age of 18 years, that I reside at No. . . . . . .street, in the . . . . .of . . . . ., county of . . . . and State of Illinois, and that the signatures on this sheet were signed in my presence, and are genuine, and that to the best of my

knowledge and belief the persons so signing were at the time of signing the petitions qualified voters of the ........ party, and that their respective residences are correctly stated, as above set forth.

............
Subscribed and sworn to before me this ...... day of ...... A.D. ......

............

\* \* \*

At the bottom of each sheet of such petition shall be added a statement signed by an adult resident of the political division for which the candidate is seeking a nomination, stating his residence address (and if resident of a city having a population of over 10,000 by the then last preceding Federal census, also stating the street and number of such residence), certifying that the signatures on that sheet of the petition were signed in his presence, and are genuine, and that to the best of his knowledge and belief the persons so signing were at the time of signing the petitions qualified voters of the political party for which a nomination is sought. Such statement shall be sworn to before some officer authorized to administer oaths in this State.

\* \* \*

For the purpose of determining eligibility to sign a petition for nomination or eligibility to be a candidate under this Article, a 'qualified primary elector' of a party (1) is an elector who has not requested a primary ballot of any other party at a primary election held within 2 years of the date on which the petition must be filed or (2) is a first-time voter in this State registered since the last primary of an even numbered year preceding the date on which the petition must be filed, but no such person may sign petitions for or be a candidate in the primary of more than one party. However, in the case of the first primary following the election at which a party first qualifies as a 'political party', as defined in Section 7–2, a 'qualified primary elector' of such party is an elector who has not requested a primary ballot of any other party at any primary election held within 2 years of the date on which the petition must be filed." Ill. Rev. Stat. 1973, ch. 46, par. 7–10.

We have been urged by the objector that the relief

requested is not appropriate to *mandamus*. It was basically the position of the objector that, if plaintiff is aggrieved by a decision of the Electoral Board, he may seek judicial review of the matter in the circuit court (Ill. Rev. Stat. 1973, ch. 46, par. 10—10.1), and plaintiff has failed to exhaust this statutory remedy.

Plaintiff, however, argues that the decision of the Electoral Board, which would be subject to judicial review under the aforesaid provision, must be in writing (Ill. Rev. Stat. 1973, ch. 46, par. 10—10) and the Board did not issue that determination until January 13, 1976. Plaintiff says that the primary election is to be held on March 16, 1976; yet section 7—14 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7—14) requires the State Board of Elections to certify the candidates for the primary ballot not less than 61 days from the date of the primary. Plaintiff concludes that there was insufficient time under the circumstances to seek judicial review as provided under the Election Code.

This court has held that *mandamus* may be an appropriate remedy in situations which are of great import even though the normal criteria for an award of such relief are not evident. (*People ex rel. Rice v. Cunningham,* 61 Ill.2d 353, 356.) We have recognized the existence of exceptions to the doctrine of exhaustion of remedies in analogous circumstances where strict application of the doctrine would lead to unjust or very harsh results. (*Illinois Bell Telephone Co. v. Allphin,* 60 Ill.2d 350, 358.) This court has further said that "In cases involving the election process, where the time factor alone would usually render an appeal futile, this court has seen fit to grant original writs of *mandamus.*" (*People ex rel. Meyer v. Kerner,* 35 Ill.2d 33, 37.) Under the circumstances of this case we conclude that the relief sought by plaintiff was appropriate.

The objector maintains that plaintiff "cavalierly ignores the fact that Section 7—10 [of the Election Code]

not only requires that the heading of each sheet of the petition state that the persons signing the nominating petitions are 'qualified primary electors of the Democratic Party', but also requires that the heading of each sheet state that the persons signing the petition are members of and affiliated with the Democratic Party." There is no dispute that each signatory to the petition is qualified to vote in Illinois and a resident of the First Judicial District wherein the judicial vacancy sought by plaintiff originates. The question therefore presented is whether the failure to set forth the factors as determined by the County Electoral Board in plaintiff's nominating petitions disqualifies plaintiff from a ballot position. We hold that it does not.

In *Sperling v. County Officers Electoral Board,* 57 Ill.2d 81, 81-82, we had occasion to consider the effect of *Kusper v. Pontikes,* 414 U.S. 51, 38 L. Ed. 2d 260, 94 S. Ct. 303, "upon the Illinois statutory restrictions against changes in political party affiliation by voters [citation], by signers of nominating petitions for primary elections and by candidates for nomination in such primary elections." In *Sperling* an individual who had voted in the immediately preceding Republican primary sought a position on the subsequent Democratic Party primary ballot. We held that the individual might be properly placed on the ballot despite the statutory provision imposing a two-year restriction upon changes in a candidate's political party.

After review of the pertinent statutes and decisions, we noted the similarity of statutory restrictions placed upon primary voters, voters who signed nominating petitions, and voters who sought party candidacy. We observed that the statutory restriction upon primary voters and voters who signed nominating petitions had been previously held to be invalid; and we concluded "that the restrictive provisions upon the several categories of voters are so closely related that the General Assembly would not

have enacted the portion relating to candidates apart from some restrictions upon voters generally and, more particularly, those voters who desire to sign primary petitions. [Citation.] In these circumstances the restrictions upon candidates cannot be considered independent and severable from the invalid portions of the plan." *Sperling v. County Officers Electoral Board,* 57 Ill.2d 81, 86.

The pleadings and exhibits in this case indicate that an attempt was made in the legislature to restrict primary participation after the *Pontikes* and *Sperling* decisions. However, such amendatory legislation was not adopted. In effect, these decisions operated to impose an open petition system regarding party affiliation with only a minimal limitation upon primary voting. The result in *Kusper* and *Sperling* and the absence of curative legislation was to render inoperable those restrictions upon candidates in a party primary and voters who signed nominating petitions concerning those individuals' prior political affiliations.

The objector directs our attention to section 7—43(b) of the Election Code prohibiting a person's voting in a party primary if that individual has signed a nominating petition for a person seeking the nomination for an office in that primary under the auspices of another party. (Ill. Rev. Stat. 1973, ch. 46, par. 7—43(b).) This limitation upon a voter's suffrage, however, is not applicable to the present case.

For these reasons, the writ of *mandamus* was awarded.

*Writ awarded.*