(No. 51694.— ▮▮▮▮▮▮▮▮)

GENARO LARA, Petitioner, v. JOSEPH SCHNEIDER, Judge, *et al.*, Respondents.

*Order entered February 21, 1979.*

KLUCZYNSKI and CLARK, JJ., dissenting.

Jenner & Block (Jayne W. Barnard, of counsel), of Chicago, for petitioner.

Foran, Wiss & Schultz, of Chicago, for respondents Michael E. Lavelle, Marie H. Suthers, and Howard C. Medley, Sr.

Andrew M. Raucci, of Chicago, for respondent Denise A. Arens.

PER CURIAM: Pursuant to our Rule 381 (58 Ill. 2d R. 381), Genaro Lara filed with this court on February 15

a motion and supporting suggestions seeking leave to file his proposed petition for a writ of *mandamus* to compel respondent Judge Joseph Schneider, a judge of the circuit court of Cook County, to reverse the decision of the municipal officers electoral board in cause No. 79—EBA—16 and to order petitioner's name to appear on the ballot for the February 27, 1979, election for the office of alderman in the 22d ward of the city of Chicago.

After considering the motion, proposed petition and supporting suggestions, the court requested responses thereto by the respondent municipal officers electoral board, and Denise A. Arens, the objector before the board to petitioner's nominating papers.

The court has concluded that, in the circumstances of this case, *mandamus* is not an appropriate remedy. Unlike the petitioner who was precluded by the shortage of time from seeking trial court relief in *Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, relied on by Lara, petitioner here had time to and did seek review of the electoral board action in the circuit court of Cook County, and a final and appealable judgment was entered by that court on February 13, 1979. *Mandamus* is, of course, not a permissible substitute for direct appeal. (*People ex rel. Bradley v. McAuliffe* (1962), 24 Ill. 2d 75, 78; *People ex rel. Adamowski v. Dougherty* (1960), 19 Ill. 2d 393, 400; *People ex rel. Furlong v. Board of Election Commissioners* (1949), 404 Ill. 326, 330; *People ex rel. Barrett v. Shurtleff* (1933), 353 Ill. 248, 259.) Equally summary action from this court was available to petitioner by filing a notice of appeal to the appellate court and simultaneously requesting us to transfer that appeal to this court pursuant to our Rule 302(b) (58 Ill. 2d R. 302(b)) and expedite its hearing and disposition.

The motion for leave to file an original *mandamus* action is accordingly denied.

*Motion denied.*

MR. JUSTICE KLUCZYNSKI, dissenting:

The order of this court denies Lara's application for relief on the ground that *mandamus* is not a substitute for direct review and that, instead, Lara should have sought a direct appeal to this court under Rule 302(b) (58 Ill. 2d R. 302(b)). The court's order violates the long-established rule that a denial of *mandamus* cannot alone be grounded on the availability of other relief (*People ex rel. Starkweather v. Righeimer* (1922), 306 Ill. 308, 312), and it fails to give proper weight to the numerous precedents which evidence the practice of this court to relax the technical restrictions of *mandamus* in matters such as this which are of great importance and which require expeditious resolution. In the process, the court purports to distinguish *Dooley v. McGillicudy* (1976), 63 Ill. 2d 54. I respectfully dissent.

A more complete recitation of the facts than that contained in the court's order is essential to fully comprehend the issues raised. On December 26, 1978, Lara filed nominating petitions with the Chicago board of election commissioners. Lara was seeking to have his name placed on the ballot for the February 27, 1979, election for the office of alderman in Chicago's 22d ward.

Also on December 26, 1978, Lara filed a statement of economic interests with the clerk of Cook County as required by the Illinois Governmental Ethics Act (Ill. Rev. Stat. 1977, ch. 127, par. 604A–101 *et seq.*). Two of the eight items of information requested were not provided.

On January 2, 1979, respondent Denise A. Arens filed objections to Lara's nominating petitions. Three days later, on January 5, Lara filed a document entitled "Amended Statement of Economic Interests" in which he provided the two items of information which he failed to furnish in his original filing, and he also filed a statement of intention to defer filing of a statement of economic interests for 30 days. See Ill. Rev. Stat. 1977, ch. 127, par. 604A–105(c).

In a decision dated January 19, 1979, the respondent municipal officers electoral board sustained the objections. Lara's nominating petitions were ruled improper because they had differently styled headings, varying in form though not in substance. The respondent board further ruled that Lara's statement of economic interests was insufficient because, as originally filed, two answers were omitted and the attempted amendment covered 1978 rather than 1977, the year covered by the original filing. The board assumed the authority to review and determine the sufficiency of the statement of economic interests under section 10—10 of the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 10—10), which allows the board to determine the validity of a candidate's "certificate of nomination and nominating papers." In a certificate of nomination, a candidate must include a statement of candidacy and attest therein that he has filed a statement of economic interests.

On January 29, Lara filed an action for review in the circuit court of Cook County. The court heard arguments and on February 13 affirmed the board's decision on the ground that the statement of economic interests was insufficient. It did not address the issue of whether the nominating petitions were defective. At this point, the election was two weeks away.

Two days later, on February 15, Lara filed the instant motion for leave to file a petition for writ of *mandamus* which this court now denies. In his motion and supporting documents, Lara asked us to rule that the respondent board lacked authority to review and determine the sufficiency of the statement of economic interests, and that the board erred in ruling that the nominating petitions were defective. Lara did not, as the court's order states, merely seek "to compel respondent Judge Joseph Schneider *** to reverse the decision of the municpal officers electoral board." He sought alternatively to

compel the respondent board members to expunge the order which sustained the objections to his nominating petitions, to enter an order denying the objections, and to cause Lara's name to be included on the ballot. It is essential to note this for two reasons. First, it is very similar to the prayer for relief made and granted in *Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, 55. Second, the basis of this prayer is that the Board was without authority to review and determine the sufficiency of Lara's statement of economic interests, and when it is alleged that a respondent has acted without authority, *mandamus* may issue to compel expungement of the respondent's orders (*People ex rel. Elmore v. Allman* (1943), 382 Ill. 156, 164). This is recognized even by the cases cited by the court in denying Lara's requested relief. See *People ex rel. Bradley v. McAuliffe* (1962), 24 Ill. 2d 75, 78; *People ex rel. Adamowski v. Dougherty* (1960), 19 Ill. 2d 393, 397; *People ex rel. Barrett v. Shurtleff* (1933), 353 Ill. 248, 259-60.

My disagreement with the court's order in this case is, as stated at the outset of this dissent, two-fold. First, we cannot deny *mandamus* merely because other relief may be available. Second, *Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, and other decisions of the court provide ample support for Lara's request for determination of this case by way of petition for writ of *mandamus*. A more complete discussion of both points follows.

Although our *mandamus* act (Ill. Rev. Stat. 1977, ch. 87, par. 1 *et seq.*) is not directly applicable to original actions for *mandamus* commenced in the supreme court, our cases have held that supreme court *mandamus* practice should conform as nearly as possible to its provisions (*People ex rel. Pignatelli v. Ward* (1949), 404 Ill. 240, 243; *People ex rel. Cunningham v. Thistlewood* (1882), 103 Ill. 139, 141). We have thus held, citing section 9 of the act (Ill. Rev. Stat. 1977, ch. 87, par. 9) that original actions

for *mandamus* in this court should not be dismissed solely because of the availability of other relief (*People ex rel. Starkweather v. Righeimer* (1922), 306 Ill. 308, 312). My position on this point, based on the holding in *Starkweather,* should be made clear, as it is not my intention to sanction the indiscriminate use of *mandamus*: If no reason can be assigned for denying leave to filed a petition for writ of *mandamus* other than the availability of other relief, we should not deny leave. In the *Dooley* case itself, we recognized this principle and rejected the argument that *mandamus* should be denied merely because the petitioner could have followed ordinary review procedures (*Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, 58). In *Dooley* it was argued that *mandamus* should not lie because the petitioner could have first sought review in the circuit court. We have here a similar, perhaps stronger, case for *mandamus*, yet the court distinguishes *Dooley* and denies relief. Unlike the parties in *Dooley,* the litigants here are at least in the proper court, and even this is conceded by the order in this case, although it is said that Lara has sought the wrong form of relief. Rather than denying relief, and assuming that *mandamus* is not the proper remedy, it would be preferable and more judicious to direct Lara to amend his pleadings to request the relief which the court deems appropriate. The *mandamus* act provides a mechanism for such action, allowing amendment of pleadings if it is determined that a party is entitled to some relief, but has sought to obtain it in the wrong way (Ill. Rev. Stat. 1977, ch. 87, par. 12; *cf.* 58 Ill. 2d R. 366(a)(1); Ill. Rev. Stat. 1977, ch. 110, par. 46(1)). Alternatively, as we have done before, we could have treated the materials filed by Lara as requesting direct appeal (*People ex rel. Director of Finance v. Young Women's Christian Association* (1979), 74 Ill. 2d 561, 567; see also *Lewis v. Dunne* (1976), 63 Ill. 2d 48 (papers on file treated as request for writ of *man-*

*damus* though not designated as such); *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479 (*pro se* petition for writ of *habeas corpus* treated as request for Post-Conviction Hearing Act relief); *cf.* 58 Ill. 2d R. 366(a)(5)). Admittedly, the need for the observance of proper procedure is of weighty concern, and there is no reason to sanction deviations from procedural rules when a party's substantive rights will not be jeopardized. With important rights such as those of Lara at stake, however, we should not penalize a litigant who is under severe and unusual time restraints for alleged mistakes in perceiving the intricacies of our procedural rules. Instead, we should endeavor to determine the matter on the merits (58 Ill. 2d R. 2; Ill. Rev. Stat. 1977, ch. 110, par. 4). This result would certainly be preferable to ignoring the rule of *Starkweather* that *mandamus* should not be denied merely because other remedies are available.

The second basis of my disagreement with the court's order lies in its treatment, or lack thereof, of *Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, and the cases on which it is based.

In *Dooley* we awarded a writ of *mandamus* to petitioner, James A. Dooley, directing the county officers electoral board of Cook County " 'to expunge their order sustaining objections to the nominating papers of James A. Dooley for the office of judge of the Supreme Court; to enter an order denying said objections; and to transmit to the State Board of Elections a certified copy of its ruling in the manner provided by section 10—10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 10—10.' " (*Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, 55.) Petitioner Dooley had alleged insufficient time to seek review of the board's decision in circuit court, and he argued that an original action for *mandamus* in our court would therefore lie. His reasoning was that the decision of the board was not rendered until January 13, 1976, that the election in

question was to be held on March 16 of that year, and that the board was required by statute to certify candidates not less than 61 days from the date of the primary. Because of the circumstances of the case, this court allowed the *mandamus* action to be maintained and properly awarded the writ, despite the respondents' contention that petitioner Dooley should have first applied to the circuit court for relief. We said in that case:

> "This court has held that *mandamus* may be an appropriate remedy in situations which are of great import even though the normal criteria for an award of such relief are not evident. (*People ex rel. Rice v. Cunningham,* 61 Ill. 2d 353, 356.) We have recognized the existence of exceptions to the doctrine of exhaustion of remedies in analogous circumstances where strict application of the doctrine would lead to unjust or very harsh results. (*Illinois Bell Telephone Co. v. Allphin,* 60 Ill. 2d 350, 358.) This court has further said that 'In cases involving the election process, where the time factor alone would usually render an appeal futile, this court has seen fit to grant original writs of *mandamus.*' (*People ex rel. Meyer v. Kerner,* 35 Ill. 2d 33, 37.) Under the circumstances of this case we conclude that the relief sought by plaintiff was appropriate." (*Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, 58.)

Because time was of the essence, the petitioner was not required to follow normal review procedures and could seek *mandamus* in this court rather than review in the circuit court.

The court now purports to distinguish *Dooley* and to interpret it as requiring that a litigant in Lara's position move for direct appeal instead of seeking *mandamus.* This treatment of *Dooley* is indefensible.

First, the court is distinguishing a case which differs in no material respect. If there are any doubts about this, a brief review of the facts removes them. Most pertinent in this regard is that the election was less than two weeks away when Lara filed his motion in this court, whereas in *Dooley* the time span was two months. During this short period of time available to Lara, voting machines would have to be delivered and set, thereby placing greater time restrictions on Lara's efforts to obtain relief. Lara's situation appears to have been more pressing than that of Dooley, and this court itself acknowledges Lara's time problem when, in its order, it cites the need for "summary action" (75 Ill. 2d at 64). We are said to exercise discretion in determining whether *mandamus* will lie, but we cannot exercise that discretion arbitrarily (*People ex rel. Blome v. Nudelman* (1939), 371 Ill. 30, 32) or deny relief to those more deserving than those whom we accommodate.

Second, it is also particularly inappropriate to suggest that a motion under Rule 302(b) for direct appeal to this court is the required, or even preferred, procedure. A litigant who is under extreme and unusual time restraints could reasonably perceive a Rule 302(b) motion to be inadequate because of the uncertainties of the motion.

As in *mandamus* proceedings, we are said to exercise discretion in deciding whether Rule 302(b) motions will be granted. As a practical matter, however, there is a difference in the "discretion" involved in each type of case. Our cases reveal that *mandamus* is seldom denied where entitlement to relief is established. Where a meritorious claim is asserted, *mandamus* will not be denied (*People ex rel. Blome v. Nudelman* (1939), 371 Ill. 30, 32) unless perhaps, as suggested by a justice of the court in an early case, insubstantial interests are involved (*People ex rel. Harless v. Hatch* (1863), 33 Ill. 9, 47 (two dollars)).

Motions under Rule 302(b), however, do not stand in such a preferred position, as evidenced by the court's recent treatment of Rule 302(b) motions. (See, *e.g.,* Walker v. State Board of Elections (Nov. 15, 1978), No. 51054 (appeal under Rule 302(b) dismissed as improvidently granted (not published)).) In short, Lara was not reasonably assured of an appeal to this court under Rule 302(b), and it is inappropriate to suggest that this is the route that he was bound to take. We cannot expect litigants who are under extreme and unusual time restraints to rest their hopes on the possibility that we *may* allow a Rule 302(b) appeal and that we *may* expedite the appeal. It is fairly evident from his motion that Lara perceived that an appeal under Rule 302(b) would be inadequate. The motion, itself properly labeled "Emergency," was accompanied by suggestions which expressed Lara's anxiety. The suggestions, filed on February 15, 1979, said, "This matter should be determined finally and promptly by this Court because the Aldermanic Election in which candidate LARA seeks to be placed on the ballot is scheduled to occur on Tuesday, February 27, 1979. Under this time pressure, an appeal to the Illinois Appellate Court would be futile." Under these circumstances, there existed a need to obtain relief quickly and surely. Faced with such an extraordinary situation, Lara sought an extraordinary writ. Ordinary forms of review such as a Rule 302(b) appeal were inadequate, and the court's decision refusing to hear the merits of the case because a Rule 302(b) appeal was not sought borders too closely on the forsaken election-of-remedies concept.

The decision of the court, turning on a procedural technicality, prevented Lara from obtaining an expeditious and conclusive determination of the sufficiency of his efforts to place his name on the ballot. In so doing, the court ignores vital precedents, elevates form over sub-

stance, and, without cause, irrevocably prevented Lara from pursuing a substantial political interest.

MR. JUSTICE CLARK joins in this dissent.