(No. 25577.—)

THE PEOPLE *ex rel.* Henry Marble Company, Appellee, *vs.*
S. L. NUDELMAN *et al.* Appellants.

*Opinion filed June 14, 1940—Rehearing denied October 9, 1940.*

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, MORTIMER PORGES, and PHILIP J. SIMON, of counsel,) for appellants.

CAMPBELL, CLITHERO & FISCHER, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Henry Marble Company, appellee, is a construction contractor engaged in the business of incorporating marble into buildings so that it becomes a part of the building. It also sells small amounts of marble to others. It erroneously paid a retailers' occupation tax on receipts from both construction work and the sales to others, and continued to pay such taxes up to and including December, 1937. The taxes were paid under rule No. 6 of the Department of Finance of the State of Illinois. That rule was changed December 31, 1937, to conform to the decision of this court in *Herlihy Mid-Continent Co.* v. *Nudelman*, 367 Ill. 600. As changed, the rule recognized that construction contractors were not liable for the tax. The total amount of the taxes in question paid by the appellee was $1079.63.

This suit was filed June 1, 1939, and on September 30, 1939, appellee filed its amended petition in the circuit court of Cook county for the issuance of a writ of *mandamus* to compel the Director of Finance, the Auditor of Public Accounts, and the Treasurer of the State of Illinois to issue a credit memorandum to the relator for the sum of $1079.63, and that defendants be compelled to pay the said sum to the appellee. The amount claimed was arrived at by computing the tax paid, $1643.30, deducting the amount admitted by appellee to be due under the act for sales of marble to

others, $334.02, and deducting, again, the amount of credits taken by appellee on subsequent tax liability, $229.65. The petition also alleged the enactment of a statute by the Sixtieth General Assembly of Illinois, 1937, appropriating to the Division of Retailers' Occupation Tax of the Department of Finance of the State the following: "For contingencies, $50,000;" "For refunding erroneous tax payments as provided in section 6 of the Retailers' Occupation Tax act, $100,000," and to the department, in general, "For contingencies, $50,000." The petition further alleged that the Sixty-First General Assembly, 1939, enacted a statute appropriating to the Division of Retailers' Occupation Tax of the Department of Finance the following: "For refunding amounts of retailers' occupation tax erroneously paid according to the rules and regulations of the Department of Finance in effect at the time of such payment—$100,000," and for the Department of Finance, in general: "For contingencies, $15,000."

The appellants answered admitting the payments as alleged by appellee, but stated they had no knowledge as to what part of the sales came under the Retailers' Occupation Tax act and demanded strict proof as to this. The answer further admitted the appropriations enacted by the Sixtieth General Assembly but averred: (1) That the item "For contingencies, $50,000," was vetoed by the Governor; (2) that the item "For refunding erroneous tax payments * * * $100,000," was completely exhausted, and (3) that the item "For contingencies, $50,000," was not available for payment of appellee's claim, due to the restriction of section 4 of the Appropriation act (Senate Bill No. 446, Sixtieth General Assembly) as follows: "No contract shall be entered into or obligation incurred for any expenditure from the appropriation herein made for contingencies and for reserves until after the purpose and amount of such expenditure had been approved in writing by the Governor." The answer further admitted the two appropriation items

of the Sixty-First General Assembly, but averred: (1) That the $100,000 appropriation had been exhausted by two previous *mandamus* judgments and an order directing appellants to hold $22,648.38 pending the outcome of an appeal in a third *mandamus* suit, all entered in the circuit court of Cook county; (2) that the appropriation item: "For contingencies, $15,000" was not available by reason of the restrictive force of section 4 above set forth. The answer set out that defendants had no knowledge as to what portion of appellee's business consisted of sale of fixtures, and no knowledge of the amount of credit taken on subsequent tax liability. The answer also denied that under the rules of the department, then existing, the payments had been made erroneously.

The appellee replied admitting that section 4 of the Appropriation act contained the provision set out in the answer, but as to that appellee stated: (a) That the obligation to refund the amounts claimed in this cause arose from the provision of the Retailers' Occupation Tax act providing for refund in event of erroneous payment, and that the Governor had approved the provision when he approved the act; (b) that if section 4 of the Appropriation act be interpreted as delegating to the Governor the right to select some items for payment and reject other items properly within the scope of the appropriation, then section 4 was unconstitutional as an improper delegation of legislative powers.

After a motion for summary judgment had been denied, appellee moved that its reply be considered as a motion to strike the answer. This motion was allowed, and the court ordered the answer stricken, but offered the appellants leave to file an amended answer. They, however, elected to stand upon the sufficiency of the answer already filed. The court then ordered the amended petition to be taken as confessed against defendants, and a peremptory writ of *mandamus* to issue.

Appellants prosecute this appeal directly to this court on the grounds that the State's revenues are involved, and that the defendants are parties in their official capacity as officers of the State.

Section 6 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 445,) provides: "If it shall appear that an amount of tax, penalty or interest has been paid which was not due under the provisions of this act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this act from the person who made the erroneous payment, or such amount shall be refunded to such person by the department."

In *People* v. *Nudelman*, 373 Ill. 220, we decided that *mandamus* would lie to compel the refund or granting of a credit memorandum where the tax had been erroneously paid as provided by statute. In that decision we also held that under the wording of the Appropriation act, which is the same as is involved here, it did not matter what the circumstances were that made the payment of tax an erroneous one, so far as a taxpayer's right to a refund was concerned. This disposes of appellants' contention that if the overpayment was in accordance with the rules in existence when payment was made, appellee is not entitled to a refund from the appropriation.

The abstract makes no mention of the affidavit required by section 40 of the Civil Practice act. (Ill. Rev. Stat. 1939, chap. 110, par. 164.) That section provides, in part: "Every allegation, except allegations of damages, not explicitly denied shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief, and shall attach an affidavit of the truth of such statement of want of knowledge, or unless the party has had no opportunity to deny." This court will not search the record to determine whether or not an affidavit was filed or what it contained, particularly

where this would be necessary to warrant a reversal of a judgment or decree. (*O'Meara* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 367 Ill. 82.) This disposes of those parts of the answer as to which appellants said they had no sufficient knowledge or information to enable them to admit or deny certain allegations made by appellee, and prayed for strict proof.

We do not agree with the appellee's contention that the contingent fund of $15,000 was available to pay it what it had overpaid in taxes, and that the General Assembly had delegated legislative power unlawfully to the Governor. The substance of the condition was that no expenditure of this money should be made unless the Governor first approved the contract. The appellants did not have sole control of the fund of $15,000 and, under the circumstances as to that fund, *mandamus* could not issue. *MacGregor* v. *Miller*, 324 Ill. 113.

It is clear that the $100,000 appropriated by the Sixtieth General Assembly had been exhausted. As to that fund this removes it from the possible operation of a *mandamus* writ. (*DeWolf* v. *Bowley*, 355 Ill. 530.) As to the like amount appropriated by the Sixty-first General Assembly, appellants say this, also, is not available because other similar suits have been filed. They cite *People* v. *Nudelman, supra,* as being authority for the statement that the fund must be distributed in the order of priority in which the mandatory orders were issued in the circuit court of Cook county. At page 227 of that decision, this court said: "The balance remaining in the appropriation should have been exhausted by ordering its payment in proportion to their respective claims, subject, however, to any prior rights." By this we recognized that while the appeal was pending in the Allied Bridge Company's suit, there involved, other *mandamus* judgments might have been entered which would be prior to the decision in this court. The judgment in the case before us is just such an one, for it was rendered

286

November 10, 1939, while the decision in the *Nudelman case, supra,* was not made until the opinion was filed February 21, 1940.

Although appellants say the $100,000 appropriation of 1939 was exhausted, they particularize and use the order of the circuit court that the $22,648.38, which remained in the fund appropriated, be held until the appeal was finally determined. Appellee is correct in saying that this order did not affect the fund, for the circuit court had denied a writ of *mandamus* in that suit. It had no authority to impound this fund. The answer showed on its face that the 1939 appropriation to pay refunds of occupational taxes had not been exhausted.

The judgment of the trial court was correct, and it is affirmed.

*Judgment affirmed.*