(No. 25957.— )

ALVA F. ADAMS *et al.* Appellants, *vs.* S. L. NUDELMAN, Director of Finance, *et al.* Appellees.

*Opinion filed December 16, 1940.*

GEORGE E. DRACH, and LOWELL D. RYAN, for appellants.

JOHN E. CASSIDY, Attorney General, (W. F. GRAY, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The complaint in this case, which was filed in the circuit court of Sangamon county, is joined in by forty-eight contractors, each of whom is alleged to have made erroneous payments to the Department of Finance under the provisions of the Retailers' Occupation Tax act. The total of the amount so alleged is approximately $115,000, and it is further alleged that each of these payments was found to be erroneous under a decision of this court in *Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600. It is further alleged that none of the plaintiffs has any further tax liability and that a credit against present or future payments would be valueless; that demand has been made upon the director of the department for the approval of claims for refunds and upon the State Auditor to issue and sign war-

rants for them but that the director and State Auditor refused to do so. It is the prayer of the complaint, which appears to be a combination of injunction and *mandamus,* (1) that the Director of Finance be enjoined from paying into the State Treasury any moneys collected under the Retailers' Occupation Tax act until a fund is created sufficient to pay the amounts due to the plaintiffs, and that the director be ordered to pay such refunds out of such accumulated funds; (2), in the alternative, that refunds be made in the usual way from funds heretofore deposited by the director, and (3), in the alternative, that the director be ordered to approve the claims for payment and the State Auditor be required to pay them. The cause was submitted on stipulation and answer, resulting in a decree dismissing the complaint from which an appeal is taken directly to this court.

Appellants rely on section 6 of the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 445) which is as follows: "If it shall appear that an amount of tax, penalty, or interest has been paid which was not due under the provisions of this act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this act from the person who made the erroneous payment, or such amount shall be refunded to such person by the department." They insist, in their argument, that the decision of the trial court reads into the foregoing section of the statute the following clause which is not there: "Such amount shall be refunded to such person by the department out of funds which may hereafter be appropriated by the General Assembly for this purpose."

The argument in support of appellants' position cites cases from other jurisdictions, which have no application to the constitution of Illinois, and also relies upon such cases as *Elliott* v. *University of Illinois,* 365 Ill. 338, *Green* v. *Black,* 352 id. 623, and other similar cases involving

moneys which had never been paid to or received by the State Treasurer. No case from this court is cited, and we apprehend that none can be, where the State Treasurer and State Auditor have been compelled to pay money out of the treasury without any appropriation therefor, and it is admitted there is no appropriation applicable to this case.

No matter by what name this suit may be called it is, in substance and in necessary effect, a suit against the State and section 26 of article 4 of the constitution provides that the State of Illinois, shall never be made defendant in any court of law or equity.

The constitution also provides in section 7 of article 9 that all taxes levied for State purposes shall be paid into the State treasury. This last provision is implemented by the State Government act (Ill. Rev. Stat. 1939, chap. 127, par. 171) which requires every board, commission or department collecting money on behalf of the State to pay the same into the State treasury not later than the next day after collection, disregarding holidays and Sundays. The next section following that above mentioned provides a means whereby a taxpayer may, by notice to the State Treasurer, make payments under protest, in which event the money shall be kept in a protest fund for a period of thirty days during which an injunction or restraining order may be sought for testing the validity of the tax, and providing that such fund shall be held until the final order of the court. Plaintiffs did not comply with this statute, did not make payment under protest and admit that the moneys they paid have long since been paid to the State Treasurer.

It is unnecessary in this case to pass on the constitutionality of section 6 of the Retailers' Occupation Tax act quoted above, but it is obvious that if it were so construed as to permit the payment of money from the State treasury without an appropriation by the legislature, it would be void. Section 17 of article 4 of the constitution provides: "No money shall be drawn from the treasury except in pursuance

of an appropriation made by law, and on the presentation of a warrant issued by the Auditor thereon," etc. Plaintiffs admit that there is no appropriation by the legislature that can be applied to the payment of their claims and, with that admission, their lawsuit ends.

The decree of the circuit court of Sangamon county is affirmed.

*Decree affirmed.*