(No. 26062.—)

THE PEOPLE *ex rel.* Swartchild & Company, Appellant, *vs.*
A. M. CARTER, Director of Finance, Appellee.

*Opinion filed June 13, 1941.*

SHAW, J., dissenting.

MOSES, KENNEDY, STEIN & BACHRACH, (HAMILTON
MOSES, of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, for appellee.

Mr. Chief Justice Gunn delivered the opinion of the court:

Appellant, Swartchild & Company, filed its petition for *mandamus* in the circuit court of Cook county against A. M. Carter, as Director of Finance, for the purpose of compelling the latter to furnish a credit memorandum under section 6 of the Retailers' Occupation Tax act, (Ill. Rev. Stat. 1939, chap. 120, par. 445,) for over-payment of said tax amounting to $3408.75. Upon suggestion made, George B. McKibben, the successor to A. M. Carter, has been substituted as respondent.

Appellant was in the business of selling, at wholesale, watch and clock parts and jewelry findings. The basis of the claim lies in the fact that this court held in *C. & E. Marshall Co. v. Ames,* 373 Ill. 381, such occupation did not come under the law. The answer does not dispute such sum was paid, or that the occupation of petitioner was not taxable, or that demand was made to have the books of petitioner examined to verify the amount of taxes over-paid, and admits that the respondent has refused to issue a credit memorandum.

The answer of the defendant sets forth that section 6, *supra,* violates the constitution of the State of Illinois in several different ways. The circuit court held the act unconstitutional and denied the writ. The appeal, therefore, comes directly to this court.

Section 6 of said act is as follows: "If it shall appear that an amount of tax, penalty or interest has been paid which was not due under the provisions of this act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this act, from the person who made the erroneous payment, or such amount shall be refunded to such person by the Department," etc. Article 19 of the rules and regulations of the Department of Finance is

as follows: "Where a taxpayer under the Retailers' Occupation Tax act pays to the Department of Finance an amount of tax, penalty or interest not due under the provisions of the act, either as the result of a mistake of fact or an error of law, such taxpayer should file claim for credit on the form provided by the department for that purpose. In cases where claim for credit is approved, the department will issue a credit memorandum in the amount of the over-payment, which credit may be applied by the taxpayer in satisfaction of subsequent tax liability."

It is claimed that section 6 is unconstitutional because it delegates judicial power to an administrative board, and because there are no procedural requirements set up in section 6 requiring a hearing. If section 6 were a separate and independent act of legislation this argument might be persuasive. However, this section is but a part of a general statute consisting of fifteen or more sections. It is comprehensive in its scope. It imposes a tax (sec. 2); requires each retailer to have a certificate (sec. 2a); requires monthly returns (sec. 3); prescribes procedure on incorrect returns (sec. 4) and on failures to make return (sec. 5); makes provision for a lien, release of lien and foreclosure of lien (secs. 5a, 5c, 5e); and for distraint and redemption from sale (secs. 5f, 5g); makes provision for credits or refunds in cases of erroneous payments (sec. 6); provides for investigation of taxpayers' books for hearing and appeal to correct (sec. 8); for issuance of *subpoenas* (sec. 10), and power to makes rules and regulations (sec. 12).

The entire act, including all of the sections, must be construed together to ascertain the intent of the legislature. The act, as a whole, has been held constitutional. (*Reif* v. *Barrett,* 355 Ill. 104.) The provisions of section 8, with respect to hearing and notice, have been held valid. (*Department of Finance* v. *Gold,* 369 Ill. 497; *Department of Finance* v. *Cohen,* id. 510.) The right of the department

to establish rules applying to refunds has been upheld. (*People* v. *Nudelman,* 370 Ill. 237.) The right to a refund out of moneys appropriated by the legislature has been enforced by *mandamus. People* v. *Nudelman, supra; People* v. *Nudelman,* 374 Ill. 280; *People* v. *Nudelman,* 371 id. 30.

In determining whether section 6 is void for the reasons asserted we must examine the entire statute and all sections will be construed together. (*First Nat. Bank* v. *Wedron Silica Co.* 351 Ill. 560; *People* v. *West. Side Trust and Savings Bank,* 362 id. 607.) From the various provisions of the statute the amount of over-payment or under-payment by a taxpayer may be ascertained in a legal and constitutional manner. Likewise, if it is determined that a given occupation is not subject to the tax in a suit against the Director of Finance, it would appear, as the result of the judgment in such cause, that a tax paid by one in such occupation is illegal. The statute does not require the exercise of judicial power by the administrative officer or board when it recognizes the result of a hearing held in accordance with the statute, or the final judgment of a court invalidating the tax. Neither is it subject to objection that there are no rules of procedure set out in section 6, because, when the entire act is construed, authority is given by section 12 to prescribe rules which are subject to judicial test, and if it should appear that rules are not complete and comprehensive such fact will only apply to the particular case, and the defect, if any, cured by the adoption of complete rules. We are satisfied that section 6 is not subject to the objection made.

The point made by appellee that to give to the relator a credit memorandum would bring about an unjust enrichment has been decided adversely to such contention in *People* v. *Nudelman,* 371 Ill. 30, and *People* v. *Nudelman,* 370 id. 237, and does not require further discussion. It is also claimed that the issuance of a credit memorandum

would create a debt against the State in violation of section 18 of article 4 of the constitution. This section of the constitution prohibits the borrowing of money in excess of $250,000 under conditions which create the relation of debtor and creditor. In *People* v. *Nelson,* 344 Ill. 46, it was held that a suit which authorized the sale of notes drawn against, and in anticipation of, State taxes uncollected and unpaid into the treasury, does not violate this section of the constitution, as it did not create a debt, but in effect provides for an assignment of the funds, when collected, to the holder of notes, who had advanced the money.

In *Berman* v. *Board of Education,* 360 Ill. 535 we held that a tax anticipation warrant did not create a debt. In *People* v. *Barrett,* 373 Ill. 393, we held that an essential element of a debt is an obligation to pay. In this instance, the petitioner is claiming only the right to have a credit memorandum issued to it showing the amount of its over-payment. Strictly speaking, the point made by appellee is not in the case, as the delivery of a certificate showing the amount of over-payment cannot, in any sense, be either the creation of a debt or a promise to pay, but is merely evidence that there has been an over-payment of a given amount. Further than this, this section of the statute does no more than recognize that the State is holding in its possession money equitably belonging to the taxpayer, and provides another medium of payment of a specified tax than is required by the Revenue act. (Ill. Rev. Stat. 1939, chap. 120, par. 672.) The General Assembly has the power to provide the medium in which taxes shall be paid. (*People* v. *Board of Education,* 349 Ill. 291.) The case of *Adams* v. *Nudelman,* 375 Ill. 217, has no application, as what was said there referred to money paid out of the State treasury without an appropriation. The petitioner sought to compel the State Treasurer and State Auditor

to make available, out of money already in the State treasury, a fund from which the Director of Finance should pay refunds. There is no contention here that money may be taken from the State treasury without an appropriation. In the cases where refunds were compelled by *mandamus,* (*People* v. *Nudelman,* 370 Ill. 237, and *People* v. *Nudelman,* 374 id. 280,) an appropriation had been made by the General Assembly for such purpose, which was in compliance with the constitution. In the present case, the statute provides that the credit memorandum may be received by the treasury as payment of a tax due, and does not involve the paying out of money.

The point made by appellee that this action against the Director of Finance is an action against the State is contrary to our holdings in *People* v. *Nudelman,* 374 Ill. 280, *People* v. *Nudelman,* 370 id. 237, *People* v. *Nudelman,* 373 id. 220, and many others.

We are of the opinion that the objections made to the validity of section 6, as applied to the facts in this case, are without merit; that the petitioner has brought itself clearly within the provisions of the statute, and is entitled to have issued to it a credit memorandum in accordance with section 6, and the rules of the department, for the amount admitted by the answer to have been over-paid.

The judgment of the circuit court is reversed and the cause remanded with directions to issue the writ of *mandamus* against the Director of the Department of Finance of the State of Illinois, as prayed in the petition.

*Reversed and remanded, with directions.*

Mr. JUSTICE SHAW, dissenting.