(No. 26128.—

THE PEOPLE *ex rel.* Alva F. Adams *et al.* Petitioners, *vs.* GEORGE B. McKIBBEN, Director of Finance, Respondent.

*Opinion filed June 17, 1941.*

SHAW, J., dissenting.

GEORGE E. DRACH, and LOWELL D. RYAN, for petitioners.

GEORGE F. BARRETT, Attorney General, for respondent.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Alva F. Adams, and forty-seven other persons or corporations, by leave of court have filed herein their original petition for writ of *mandamus* against George B. McKibben, Director of the Department of Finance of the State of Illinois, praying that he be required to issue to each of the petitioners a credit memorandum showing the amount of tax illegally or erroneously paid by each of them, as authorized by section 6 of the Retailers' Occupation Tax act. (Ill. Rev. Stat. 1939, chap. 120, par. 445.) Each petitioner was engaged in the business of contracting for the building of public improvements, and, prior to December 22, 1937, had paid retailers' occupation tax on sales made by them. In *Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600, this court held persons engaged in such occupation were not liable for the payment of the retailers' occupation tax.

The amount paid by each petitioner is not questioned. The petitioners, in addition to praying that credit memoranda be issued, ask that respondent be required to accept such credit memoranda in payment of the tax incurred by any one who shall, by valid assignment, obtain same from the petitioners. Except for this additional prayer there is no substantial difference between this case and that of *People* v. *Carter, Director of Finance,* 376 Ill. 590.

The respondent claims that section 6, *supra,* of the Retailers' Occupation Tax act is unconstitutional and void for the same reasons advanced in *People* v. *Carter, supra,* and also says that the petition fails to show a demand upon the respondent, individually, prior to the beginning of this suit, and, further, that the said petitioners could have obtained the relief demanded in this case in the previous case of *Adams* v. *Nudelman,* 375 Ill. 217, and having failed to do so are barred from maintaining this action.

It is unnecessary for us to further discuss the constitutional issues raised by the respondent, as they are fully covered by our decision in *People* v. *Carter, supra,* and what was said therein with respect to the constitutionality of section 6 is followed and reaffirmed here.

On the point made by the respondent that no demand has been made upon the present Director of the Department of Finance, the petition shows that a demand was made upon his predecessor in office, and this is admitted by the answer of respondent. It also appears from the original petition, and not denied by the answer, that demand was made upon the predecessor to adopt reasonable rules and regulations with respect to claims for cash refunds in conformity with our decision in *People* v. *Nudelman,* 370 Ill. 237. The answer of respondent, moreover, expressly denies that the petitioners are entitled to the issuance of credit memoranda, because to do so would be in direct violation of the constitution of the State of Illinois. We think the respondent, in this respect, is in the same position as his predecessor in office, as it is clear that if a writ of *mandamus* had been issued against him, and

had not been complied with during his term of office, his successor would be under obligation to perform the required duty. *People* v. *Board of Review,* 352 Ill. 157.

It is also a general rule in *mandamus* actions, that a demand may be dispensed with if to make it would be an idle or unavailing act. The averments of the petition and answer clearly disclose that respondent would not have complied with the demand if it had been made, and under such circumstances no demand is necessary. *Board of Comrs.* v. *New Mexico* 215 U. S. 296, 54 L. ed. 202; *People* v. *Supervisor of Barnett,* 91 Ill. 422; 38 Corpus Juris, 578.

The contention is also made by respondent that the petitioners here could have demanded the same relief in a prior case to which they were parties, decided by this court in *Adams* v. *Nudelman, supra.* Examination of that case discloses the suit was against the then Director of the Department of Finance, as well as the State Auditor and State Treasurer, to require them to create a fund out of the State treasury with which to pay cash refunds, without an appropriation having been made for such purpose by the General Assembly. The parties were not the same, and the issue was not the same. There is a difference between the effect of a judgment as a bar against a prosecution of a second action between the same parties upon the *same* claim or demand, and its effect as an estoppel in another action between the same parties upon a *different* claim or demand. In the former, it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. (*Harding Co.* v. *Harding,* 352 Ill. 417; *Barry* v. *Commonwealth Edison Co.* 374 id. 473.) Where, however, the second action between the parties is upon a different claim or demand the judgment or ruling in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. (*Hoffman* v. *Hoffman,* 330 Ill. 413;

*Barry* v. *Commonwealth Edison Co. supra.*) The parties here are not the same and the issue is not the same.

It was decided in the *Adams case* it was illegal and contrary to the constitution to require money to be paid out of the State treasury by State officers to create a fund out of which to pay refunds, without an appropriation. The question of whether the parties were entitled to credit memoranda was not before the court in any way in that suit, and consequently the judgment in the first action does not operate by way of estoppel to prevent the maintaining of the present action.

The contention of the respondent that he should not be compelled, in advance, to accept the credit memoranda when issued to petitioners in payment of taxes incurred by other persons, firms or corporations, who may obtain them by assignment, is well taken. In the first place the Director of Finance would be entitled to see and examine such assignments and verify the amounts, and know all of the facts which would justify the acceptance of the same in payment of the Retailers' Occupation tax. None of the petitioners claim to be the holders of such assignments, and to pass upon that question now would be to determine an issue between parties whose rights have not as yet been denied.

We are of the opinion that the petitioners are entitled to a writ of *mandamus* against the Director of Finance of the State of Illinois requiring him to issue credit memoranda in the several amounts disclosed in the petition, but not to the issuance of a writ requiring the director to accept assignments of such memoranda from persons to whom the petitioners may transfer them.

It is ordered that a writ of *mandamus* issue against the Director of Finance of the State of Illinois requiring him to issue credit memoranda to each of the petitioners, as prayed in the petition. *Writ awarded, in part.*

Mr. Justice Shaw dissenting.