ILLINOIS MUNICIPAL RETIREMENT FUND, Plaintiff-Appellee, *v.* THE CITY OF BARRY *et al.*, Defendants-Appellants.

Fourth District   No. 14425

Opinion filed September 26, 1977.

Gary L. Haddock, of Pittsfield, for appellants.

John J. Edman, of Chicago, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from a declaratory judgment action in which the plaintiff, Illinois Municipal Retirement Fund (the Fund), received a judgment upholding its position that the defendant, City of Barry, had taken all the necessary steps and was, consequently, a participant in the Fund.

Under section 7—132 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 7—132), towns under 5,000 in population which are not controlled by town electors (Barry has a mayor-aldermanic government) are not automatically required to join the Fund, but may elect "to be included either by referendum * * * or by the adoption of a resolution or ordinance by its governing body. A copy of such resolution or ordinance duly authenticated and certified by the clerk of the municipality or other appropriate official of its governing body shall constitute the required notice to the board of such action." Ill. Rev. Stat. 1975, ch. 108½, par. 7—132(a)4.

On September 9, 1975, the city council of Barry passed an ordinance (No. 1975-3) electing to participate in the Fund. The city clerk then certified the ordinance and sent it to plaintiff's offices where it was filed on September 19, 1975.

On January 3, 1976, the city council of Barry changed its position with respect to participation in the Fund and passed an ordinance purporting to rescind ordinance No. 1975-3. The mayor of Barry then notified the Fund by letter dated January 19, 1976, that the city had revoked its participation in the Fund. This action precipitated the controversy and led plaintiff to file a complaint for declaratory judgment to determine whether the city of Barry could, by such action, remove itself from participation in the Fund. The trial court heard arguments on plaintiff's motion for summary judgment and then denied it. Then, under a stipulation by the parties, the court decided the case based on the arguments of counsel, written briefs, and affidavits. On March 16, 1977, the trial court filed a written order finding that the city had taken the necessary action to participate in the Fund and was without power to subsequently withdraw.

■■ In a case quite analogous to the present one, the Illinois Supreme Court held that the city of Chester was without power to withdraw from the Fund by enacting a rescinding ordinance. (*People ex rel. Schuwerk v. Illinois Municipal Retirement Fund* (1955), 6 Ill. 2d 405, 128 N.E.2d 923.) The *Schuwerk* opinion emphasized that since the statute provided no means for withdrawal, none could be implied. Here, the city conceded that *Schuwerk* forecloses withdrawal. The city takes a position that since the ordinance electing to participate in the Fund was not published, it was invalid. This argument hinges on the applicability of section 1—2—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 1—2—4) which requires to be published:

"All ordinances of cities, villages and incorporated towns imposing any fine, penalty, imprisonment, or forfeiture, or making any appropriation * * *.

All other ordinances, resolutions and motions, shall take effect upon their passage unless they otherwise provide."

Simply put, the issue is whether an ordinance electing to participate in the Fund requires publication, under the above statute, as making an appropriation. We agree with the trial court that it does not.

■■ An appropriation involves the setting apart from public revenue a certain sum of money for a specific object. (*Schwartz v. City of Chicago* (1921), 223 Ill. App. 184, 192.) Ordinance No. 1975-3 is not an appropriation under the above definition for it did not in itself set aside any funds. The ordinance, therefore, did not have to be published to be effective. Once notice of the ordinance was received by the Fund, the city became a participating municipality, having complied with the two requirements of section 7—132, without power to withdraw from the Fund. *Schuwerk.*

■■ The language of section 7—132 itself further supports our

conclusion that publication is not necessary. It prescribes that a municipality may elect to participate in the Fund by "resolution" as well as by ordinance or referendum. A resolution is an act with lesser dignity than an ordinance. Where an act is required to be done by ordinance, a mere resolution is not sufficient. (*Chicago & Northern Pacific R.R. Co. v. City of Chicago* (1898), 174 Ill. 439, 445, 51 N.E. 596, 598; *Village of Gulfport v. Buettner* (1969), 114 Ill. App. 2d 1, 251 N.E.2d 905.) By the same token, where the legislature mandates that, as here, an act may be accomplished by means of a resolution, we must accept that determination. The courts must presume that the legislature used the words "resolution" and "ordinance" in their accepted legal sense.

■■ We are unaware of any general requirement that resolutions be published. Since the city council of Barry could, under section 7—132, have elected to enter the funds by resolution, this supports the argument that the legislature did not intend for publication to be a requirement for enacting a valid ordinance in this context. Had the legislature sought to make public notice and input a part of each municipality's decision to participate in the Fund, it could have so provided in section 7—132.

For the foregoing reasons, the judgment of the circuit court of Pike County is affirmed.

Affirmed.

GREEN and TRAPP, JJ., concur.