AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EM-
PLOYEES, AFL-CIO, *et al.*, Plaintiffs-Appellants, v. DAWN CLARK
NETSCH, Comptroller of the State of Illinois, Defendant-Appellee (Illinois
Federation of Teachers, AFT, AFL-CIO, Intervenor-Appellant).

Fourth District   No. 4—91—0499

Opinion filed July 12, 1991.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellants American Federation of State, County & Municipal Employees, Karen Gall, Patty Schoeneberg and Illinois Federation of Teachers.

Michael O'Hara, of Cavanagh & O'Hara, of Springfield, for appellants General Teamsters Professional Technical, Local 916, Diane M. Henricks and James Stout.

John M. Hosteny, Lodge Counsel, of Springfield, for appellant Troopers Lodge No. 41.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, of Chicago, of counsel), for appellee.

PER CURIAM: Plaintiffs appeal from an order of the trial court dismissing their suit in *mandamus* against the Comptroller. By that suit, plaintiffs sought to compel the Comptroller to issue paychecks to all State workers due to be paid on July 15, 1991. The trial court dismissed the complaint on the basis that there was no authority for such an order in the absence of an appropriation to pay the salaries of those State workers. We affirm.

Only the General Assembly is authorized by our constitution to make appropriations for all State expenditures of public funds. (Ill. Const. 1970, art. VIII, §2(b).) An appropriation involves "the setting apart from public revenue a certain sum of money for a specific object." (*Illinois Municipal Retirement Fund v. City of Barry* (1977), 52 Ill. App. 3d 644, 646, 367 N.E.2d 1048, 1049.) No money belonging to or left for the use of the State shall be expended or applied except in consequence of an appropriation made by law and upon the warrant of the State Comptroller. (Ill. Rev. Stat. 1989, ch. 127, par. 171(a).) The Comptroller is authorized, and indeed required, to refuse to draw a warrant if she determines that no appropriation or expenditure authority other than by appropriation is available to incur the obligation. Ill. Rev. Stat. 1989, ch. 15, par. 209(c).

■ The parties agree that the legislature has not passed any appropriation bill with respect to salaries of State employees. An appropriation bill is necessary under these circumstances, as it is in any other instance where State funds are to be disbursed (see *Quinn v. Donnewald* (1985), 107 Ill. 2d 179, 191, 483 N.E.2d 216, 222), and any attempt by the Comptroller to issue the funds in the absence of an appropriation bill signed into law by the Governor would create obvious problems under the separation-of-powers doctrine. See *Board of Trustees of Community College District No. 508 v. Burris* (1987), 118 Ill. 2d 465, 515 N.E.2d 1244.

■ Plaintiffs rely on section 13 of the State Comptroller Act (Act) (Ill. Rev. Stat. 1989, ch. 15, par. 213) for the proposition that the Comptroller is required to pay State employees' salaries. That section describes generally the administrative process by which employees are paid and the schedule for such payments. While this section describes the means by which the Comptroller is required to disburse salaries, it is not authority for the expenditure of any fund or funds which have not been appropriated for that purpose. Section 13 of the Act is not an expenditure authority. Plaintiffs' argument concerning the difference in the 1870 and 1970 constitutions does not require a different result. Compare Ill. Const. 1870, art. IV, §17, with Ill. Const. 1970, art. VIII, §1(b).

Plaintiffs point to article VIII, section 1(b) of the constitution, which provides in part that the State "shall *** make payments from public funds only as authorized by law." (Ill. Const. 1970, art. VIII, §1(b).) They tie section 13 of the Act to this constitutional language, *i.e.*, arguing that section 13 provides the authorization by law referred to in article VIII, section 1(b), thereby mandating payment of the salaries. This court does not read section 13 this broadly.

■ While we are aware that there are certain circumstances under which some State funds may be expended without a corresponding legislative appropriation (see *People ex rel. Kirk v. Lindberg* (1974), 59 Ill. 2d 38, 320 N.E.2d 17 (and cases cited therein)), none of those exceptions apply to the instant case. (See also Ill. Rev. Stat. 1989, ch. 127, par. 167.02.) Stated simply, when State money has once been received by the State Treasurer, the constitution prevents its withdrawal except in pursuance of an appropriation made by law. (*Green v. Black* (1933), 352 Ill. 623, 626, 186 N.E. 462, 463; *People ex rel. Board of Trustees of University of Illinois v. Barrett* (1943), 382 Ill. 321, 348-49, 46 N.E.2d 951, 965; *Adams v. Nudelman* (1940), 375 Ill. 217, 30 N.E.2d 742.) An appro-

priation must become effective in order to prevent government operations from being brought to a complete stop. *People ex rel. Kirk,* 59 Ill. 2d at 42-43, 320 N.E.2d at 19.

Since the legislature has not passed an appropriation which the Governor has signed into law, the Comptroller is prohibited from issuing paychecks to State workers at this time.

We are in sympathy with the broad spectrum of State workers, including those of the courts and even counsel who argued before us on behalf of the State, who are being subjected to financial hardship and frustration because of the continuing governmental impasse. This sympathy is tempered by the limitations imposed upon us by our constitution. We recognize that the constitution places specific and general obligations on the State for the benefit of the people of the State. While we now hold that the issue of general breakdown of government is not before us, we are not saying that the courts are barred from intervening in the event that the legislative or executive branches fail to perform their constitutional functions.

For the foregoing reason, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

LUND, P.J., and GREEN and McCULLOUGH, JJ., concur.